UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MONICA CIPULLY,

        Plaintiff,

v.

LACEY TOWNSHIP SCHOOL
DISTRICT,

        Defendant.

Civil Action No. 19-6063 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Lacey Township School District's ("Defendant") Motion to Dismiss. (ECF No. 7.) Plaintiff Monica Cipully ("Plaintiff") filed opposition (ECF No. 10), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

**I.    BACKGROUND**

Plaintiff alleges that Defendant hired her as Director of Food Services in 2017. (Compl. ¶ 5, ECF No.1). Plaintiff received "an excellent review from Patrick DeGeorge" ("DeGeorge"), Defendant's Business Administrator, in June of 2018. (*Id.* ¶ 7.) Defendant renewed Plaintiff's one-year contract on July 1, 2018. (*Id.* ¶ 9.) Shortly thereafter, Plaintiff informed DeGeorge that "she was scheduled to undergo anterior cervical spine surgery on August 22, 2018 and would need to take some time off . . . to recover from the surgery." (*Id.* ¶ 10.) DeGeorge responded "with a serious look on his [face]: 'So long as you are back before school starts.'" (*Id.* ¶ 11.) While Plaintiff was on leave, Plaintiff's supervisor, Defendant's Assistant Business Administrator, stayed in constant contact with Plaintiff for work-related matters. (*Id.* ¶ 14.) Plaintiff alleges that

she was intimidated and returned to work against her doctor's recommendation on August 30, 2018, one week prior to the start of the 2018-2019 school year. (*Id.* ¶ 12.)

After returning to work, Plaintiff received no information from Defendant regarding Family and Medical Leave Act ("FMLA") leave or medical accommodations. (*Id.* ¶¶ 21-25.) Plaintiff advised her supervisor and DeGeorge on numerous occasions that she was still in pain and that her doctor had not approved her return to work. (*Id.* ¶ 22.) During an October 2, 2018 follow-up doctor's appointment, Plaintiff's doctor emphasized that Plaintiff was not medically cleared to return to work. (*Id.* ¶¶ 26-27.) On October 10, 2018, Plaintiff informed Defendant via e-mail message that she "had not been released [by] the doctor." (*Id.* ¶ 28.)

On October 12, 2018, Plaintiff was notified that she was being placed on administrative leave pending a Board Meeting scheduled for October 15, 2018, regarding her "poor performance and inappropriate conduct." (*Id.* ¶ 29.) Defendant terminated Plaintiff on October 16, 2018 and replaced Plaintiff with a person who was approximately 26 years old. (*Id.* ¶¶ 30, 61.) Plaintiff filed suit on February 18, 2019, raising four counts: (i) interference with FMLA protected leave; (ii) retaliation for attempting to take and taking FMLA leave; (iii) disability discrimination under the New Jersey Law Against Discrimination ("NJLAD"); and (iv) age discrimination under the NJLAD. (Compl. ¶¶ 41-62, ECF No. 1).

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

2

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, in a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III. **DISCUSSION**

The Court finds that Defendant is not entitled to its requested relief. Notably, most of the cases Defendant cited in support of its motion to dismiss were decided on summary judgment. In addition, the facts of the few cited cases that were decided on motions to dismiss are distinguishable from the facts of the present case. Like the majority of the cases cited by Defendant, the Court finds that this matter is more suitable for consideration on summary judgment, following development of a full factual record. Because Defendant did not meet its burden of showing that no claim has been presented, the Court is not inclined to discuss each of Plaintiff's claims in detail. The Court, therefore, will only briefly set forth the primary deficiencies in Defendant's arguments.

With respect to Plaintiff's FMLA claim, Defendant argues that because the Complaint contains no allegations that Plaintiff unequivocally requested and was denied FMLA leave, Plaintiff's allegations are insufficient to establish proper notice of her intention to take such leave. (Def.'s Moving Br. 5, ECF No. 7-2.) The Third Circuit, however, has held that "the critical test is not whether the employee gave every necessary detail to determine if the FMLA applies, but how the information conveyed to the employer is reasonably interpreted." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 303 (3d Cir. 2012) (internal quotation marks and citation omitted). "[T]his is not a formalistic or stringent standard." *Id.* An employee is not expected to specifically invoke the FMLA, but must convey enough information for an employer to inquire or

infer that the FMLA is being invoked. *Id.* Furthermore, the burden is on the employer to inquire or infer that the FMLA is implicated. *Id.* The facts alleged in the Complaint, when construed in the light most favorable to Plaintiff, are sufficient to state a FMLA claim. The Court, accordingly, finds good cause to deny Defendant's Motion to Dismiss Plaintiff's FMLA claims for interference and retaliation.

With respect to Plaintiff's NJLAD disability discrimination claim, Defendant argues that Plaintiff failed to establish that she was disabled or qualified for the position. (Def.'s Moving Br. 7-8.) According to Defendant, Plaintiff's allegation that "Defendant knew that Plaintiff suffered from a serious neck condition that necessitated surgery and that 'Defendant knew or perceived that Plaintiff suffered from a non-transient, chronic or permanent neck condition which qualified as a disability and/or perceived disability' are conclusory at best." (*Id.* (citing Compl. ¶¶ 51-52).) Defendant further argues that "having a scheduled surgery does not automatically equate to an individual being disabled." (Def.'s Reply Br. 4.) Defendant's argument lacks legal citation and misconstrues the facts. Plaintiff alleges that she had the surgery and that she informed Defendant her doctor had not cleared her to return to work. (Compl. ¶¶ 10, 15, 18, 22, 24, 26, 28.) Additionally, Plaintiff informed Defendant that she was still in pain. (*Id.* ¶ 22.) Furthermore, Defendant's argument that Plaintiff did not establish that she was qualified for the job is not persuasive because Defendant renewed Plaintiff's contract after a year of satisfactory performance. (*Id.* ¶ 9.) Defendant, accordingly, fails to carry its burden and the Court finds good cause to deny Defendant's motion with respect to Plaintiff's disability discrimination claim.

Finally, Defendant argues that Plaintiff's NJLAD age discrimination claim must fail because "Plaintiff alleges no direct evidence of age discrimination." (Def.'s Moving Br. 9.) Defendant, however, acknowledges earlier in its moving brief that "a plaintiff may establish an

age discrimination claim through either direct or circumstantial evidence." (*Id.* at 8.) Here, Plaintiff alleges that: (1) she was 49 years old on her termination date; (2) she engaged in protected activity; (3) she was subjected to an adverse employment consequence; and (4) Defendant replaced her with a 26-year-old employee. (Compl. ¶¶ 55-61.) Plaintiff's Complaint pleads a prima facie case of age discrimination, which Plaintiff may attempt to establish through circumstantial evidence. The Court, accordingly, denies Defendant's Motion to Dismiss Plaintiff's NJLAD claims. Here, the Court finds that Defendant's arguments are better considered at a later stage of the litigation.

## IV.   ORDER

For the reasons set forth above, it is on this 27th day of November 2019,

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **DENIED**.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**