Sanmathi Dev, Esq. - 011602011
CAPEHART & SCATCHARD, P.A.
A Professional Corporation
Laurel Corporate Center
8000 Midlantic Drive, Suite 300 S
Mount Laurel, N.J. 08054
(856) 234-6800
Attorneys for Defendant, Lacey Township School District

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA CIPULLY,<br><br>　　　　Plaintiff,<br>　v.<br><br>LACEY TOWNSHIP SCHOOL DISTRICT<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>3:19-CV-06063-MAS-TJB<br><br>**STIPULATED<br>CONFIDENTIALITY ORDER** |

Plaintiff Monica Cipully ("Plaintiff") and Defendant Lacey Township School District ("Defendant"), together the "Parties," hereby agree and stipulate to the following:

### STIPULATED CONFIDENTIALITY ORDER

WHEREAS, in the course of discovery in the above-captioned civil action (the "Action"), it may be necessary for the Parties to disclose confidential personal and/or business information; and

WHEREAS, the Parties anticipate exchanging numerous documents and each will exercise due care to ensure the proper identification and treatment of confidential personal and/or business information; and

WHEREAS, Plaintiff has agreed to disclose medical information that is relevant to Plaintiff's claims in this action as well as to Plaintiff's alleged damages, that the Parties agree is sensitive and private in nature; and

WHEREAS, Defendant may disclose confidential business information and confidential personnel information that is relevant to the Action, that the Parties agree is sensitive and private in nature.

WHEREFORE, the Court not having made any findings of fact as to the confidentiality of any documents for which the Parties may claim protected status:

IT IS HEREBY ORDERED that this Stipulated Confidentiality Order (the "Order") pursuant to Rule 4:10 of the Rules Governing the Courts of the State of New Jersey be entered.

1. A party to the Action may designate any Discovery Material "CONFIDENTIAL" to protect information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3, including, any document that or thing that: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information, including patient/consumer information; (c) contains information received in confidence from third parties; or (d) the producing party otherwise believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure and Local Civil Rules ("Confidential Information"). "Discovery Materials" include the information both as originally produced and in any other form, including copies, notes, and summaries of such information.

2. Plaintiff has agreed to provide Plaintiff's medical records that may be marked "CONFIDENTIAL" and that the provisions of this Order apply to such Discovery Materials.

3. The designation of disclosed materials as "CONFIDENTIAL" may be effected by visibly marking such materials "CONFIDENTIAL". To the extent that it would be impractical to visibly mark disclosed materials as "CONFIDENTIAL" (e.g., when producing materials in electronic form), disclosed materials may also be designated as "CONFIDENTIAL" in contemporaneous correspondence.

4. The fact that a document has been designated "CONFIDENTIAL" by any party shall have no evidentiary value, and shall not be admissible by one party against another for any purpose.

5. No Discovery Materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information or disclosed to anyone for any purpose other than in connection with this Action. No Discovery Materials that have been designated as "CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 6, unless and until the restrictions in this Order are removed either by agreement of the Parties or by order of the Court. Such documents, however, may be used fully at trial without restriction.

6. All Discovery Materials designated as "CONFIDENTIAL" shall be restricted to the following persons:

    (a) Counsel who have appeared of record for any party in this Action and have signed this Order, and partners, shareholders, of counsel, special counsel, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel and are engaged in assisting such counsel with respect to this Action;

    (b) Each party to this Action;

    (c) Any "technical advisor," meaning any independent experts, consultants and

    advisors employed or retained by counsel for the parties solely for the purpose of this litigation, including but not limited to proposed expert witnesses, with whom counsel deems it necessary to consult concerning investigative, technical, financial or other aspects of this case;

(d)  Persons shown on the face of the document to have authored or received it;

(e)  Court reporters, videographers, and their staffs engaged for depositions in this Action;

(f)  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the Courtroom or in depositions or mock jury sessions, as well as their staff;

(g)  Any mediators retained by the parties upon agreement or appointment by the Court;

(h)  Witnesses and/or deponents, provided, however, that said witnesses and/or deponents shall not be entitled to maintain possession of confidential documents, and such witnesses and/or deponents shall return such confidential documents to counsel at the conclusion of either their testimony at trial or at deposition; and

(i)  Any person whom the Parties agree, in advance and in writing, may receive such Discovery Materials.

This Order does not prohibit a party from disclosing its own Discovery Materials which it has designated "CONFIDENTIAL", nor does this Order prohibit a person from disclosing Discovery Materials that it independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL" (unless such sources owe an obligation of

confidentiality to the party asserting that the Discovery Materials are confidential).

7. No person authorized under paragraphs 6(c), (f), or (g) of this Order to receive access to "CONFIDENTIAL" Discovery Materials shall be granted such access until such person has received a copy of this Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit "A" to this Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" Discovery Materials. Further, each recipient of "CONFIDENTIAL" Discovery Materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Action and solely for the purposes of this Action.

8. Discovery materials that have been designated "CONFIDENTIAL" shall not be used by any of the Parties, their employees, agents, or counsel for any competitive business purpose or for any other personal or other purpose not directly related to this Action and in conformance with the terms of this Order.

9. Any party receiving any Discovery Materials that have been designated as "CONFIDENTIAL" may object in writing to such designation. If such objection cannot be resolved by agreement, the objecting party may raise a dispute with the Court to determine the propriety of the designation (by motion or letter, as the Court deems appropriate). The Discovery Materials that are the subject of such dispute shall be treated in accordance with the designated "CONFIDENTIAL" status pending the Court's decision on the dispute. In all disputes regarding modifying a designation, the party propounding the designation shall bear the burden of justifying the particular designation made.

10. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" Discovery Materials and shall

be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Action and the proposed recipients of disclosed materials are informed of the terms of this Order and the obligations under it.

11. Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this Action. Moreover, the inadvertent disclosure in connection with this Action of one or more documents that the producing party believes to contain or reflect confidential, proprietary, and/or trade secret information but which were inadvertently not marked as "CONFIDENTIAL," shall not constitute a waiver with respect to such "CONFIDENTIAL" Discovery Materials. In the event of such an inadvertent disclosure of "CONFIDENTIAL" Discovery Materials, the producing party may, at any time, provide notice to the other Parties directing that all copies of such inadvertently disclosed "CONFIDENTIAL" Discovery Materials be treated as such consistent with the terms of this Order.

12. This Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Order be deemed or construed as a waiver of the attorney-client, work-product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

13. This Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at any hearing or trial of this matter of any Discovery Materials covered by this Order. This Order affords either party the ability to

use such documents at trial in the normal course as if they were documents not subject to this Order.

14. The provisions of this Order are intended solely to facilitate the exchange of documents and information to aid in the preparation, litigation, and trial of this matter and shall not be construed in any way as an admission or agreement by any party that any document, or any information contained therein, does or does not constitute or contain private, trade-secret, or confidential information. Moreover, neither the designation of Discovery Materials as "CONFIDENTIAL" nor a failure to challenge such designation by any party shall have any evidentiary value, and shall not be admissible by one party against the other for any purpose.

15. Nothing in this Order shall prohibit a party from seeking additional, modified, or further protection of confidential information or documents during or before any hearing or trial of this Action by stipulation among all the Parties and/or motion to the Court.

16. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

17. Within 75 days after final termination of this Action, including all appeals, any recipient of "CONFIDENTIAL" Discovery Materials under paragraphs 6(a)-(g) of this Order still in possession of such Discovery Materials shall destroy or deliver all such materials, including all copies thereof and all documents incorporating or referring to such information, to counsel for the party which disclosed the materials to the recipient, unless the parties otherwise agree in writing. A party and its counsel of record need not destroy or return "CONFIDENTIAL" Discovery Materials incorporated in materials filed with the Court or otherwise entered into the record in any

7

open court proceeding, subject to the terms of this Order. Counsel of record need not destroy or return "CONFIDENTIAL" Discovery Materials incorporated in work product retained solely by counsel. In lieu of destroying such documents, counsel may certify to the producing party that such information marked "CONFIDENTIAL" has been destroyed.

18. This Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all Parties hereto filed with the Court. Without limiting the generality of the foregoing, this Order shall survive and remain in full force and effect after the termination of this Action. Nothing in this Order shall limit or preclude any party from applying to the Court for relief from or modifications to this Order, or for such further or additional protective orders as the Court may deem appropriate.

19. If any person receiving documents covered by this Order is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" Discovery Materials, the receiving party shall give written notice, by mail and facsimile transmission, within five (5) business days of receipt of such subpoena, request for production, or other legal process, to the undersigned counsel for the party producing the "CONFIDENTIAL" Discovery Materials. To the extent permitted by applicable law, the receiving party shall not produce any of the producing party's "CONFIDENTIAL" Discovery Materials for a period of at least fourteen (14) days after providing the required notice to the producing party. If, within fourteen (14) days of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its "CONFIDENTIAL" Discovery Materials, the receiving party shall not thereafter produce such "CONFIDENTIAL" Discovery Materials except pursuant to a Court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal

process. The producing party shall be solely responsible for asserting any objection to the requested production. The receiving party shall provide a copy of this Order to the Third-Party requesting production of "CONFIDENTIAL" Discovery Materials. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" Discovery Materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a Court.

20. The Parties agree to be bound by the terms of this Order pending its entry by the Court, and any violation of its terms prior to entry by the Court shall be subject to the same sanctions and penalties as if this Order had been entered as an order by the Court.

21. The Parties shall not file with the Court any information protected under the terms of this Order without first conferring as to what information should be redacted from the documents to be filed with the Court. *Motions to Seal Must Comply with L.Cv.R 5.3* [handwritten]

22. All new parties hereafter brought into the Action, and their counsel, shall be bound by the terms of this Order.

23. A signatory attorney for each party has or will fully explain the terms of this Order to his or her client(s), and is fully satisfied that the client(s) understand(s) the terms of the Order, agree(s) to abide by the Order, and that the attorney is authorized to execute the Order on behalf of his or her client(s).

24. The Court retains the right to allow, sua sponte or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

9

**IT IS SO STIPULATED.**

_____
SANMATHI DEV, ESQ.
For the Defendant Lacey Township School District

Dated: 12/15/2020

_____
SAMUEL A. DION, ESQ.
For Plaintiff Monica Cipully

Dated: 12/10/2020

**SO ORDERED:**

_____

Date: December 15, 2020

10

# EXHIBIT A

| | |
|---|---|
| MONICA CIPULLY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LACEY TOWNSHIP SCHOOL DISTRICT,<br><br>　　　　　Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br>3:19-CV-06063-MAS-TJB |

## UNDERTAKING OF _____

The undersigned _____ (print or type name of person), hereby acknowledges that he /she received a copy of the Stipulated Confidentiality Order entered into in the action entitled <u>Monica Cipully v. Lacey Township School District</u>, and filed in the United States District Court for the District of New Jersey and assigned to the Honorable Tonianne J. Bongiovanni for all pre-trial proceedings in Civil Action No. 3:19-CV-06063-MAS-TJB, has read the Stipulated Confidentiality Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcement of the terms of the Stipulation and Order and the punishment or remedying of violations thereof.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　[Signature]

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　[Address]

　　　　　　　　　　　　　　　　　　　　　_____